UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 9, 2015

LETTER TO COUNSEL

      RE:    *Vera Yancey v. Commissioner, Social Security Administration*;
                Civil No. SAG-14-1495

Dear Counsel:

      On May 6, 2014, Plaintiff Vera Yancey petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Plaintiff's reply memorandum. (ECF Nos. 16, 21, 24). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Ms. Yancey's motion. This letter explains my rationale.

      Ms. Yancey protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on January 6, 2011. (Tr. 45-46, 144-59). She alleged a disability onset date of February 1, 2007, and March 1, 2007, respectively. (Tr. 144, 153). Her claims were denied initially and on reconsideration. (Tr. 80-84, 88-91). A hearing was held on January 16, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 16-44). Following the hearing, the ALJ determined that Ms. Yancey was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 63-75). The Appeals Council denied Ms. Yancey's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Yancey suffered from the severe impairment of mild degenerative joint disease of the cervical and lumbar spine. (Tr. 68). Despite this impairment, the ALJ determined that Ms. Yancey retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to occasionally climbing ramps or stairs (never ladders, ropes, or scaffolds). Further, she is limited to occasionally balancing, stooping, kneeling, crouching, and crawling; and she must avoid concentrated exposure to workplace hazards.

*Vera Yancey v. Commissioner, Social Security Administration*
Civil No. SAG-14-1495
February 9, 2015
Page 2

(Tr. 69). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Yancey could perform jobs existing in significant numbers in the national economy, including her past work as a copy representative, and that, therefore, she was not disabled. (Tr. 73-74).

Ms. Yancey raises four primary arguments on appeal: (1) that the Appeals Council ("AC") did not properly consider additional evidence submitted to it; (2) that the ALJ erred in evaluating the medical opinion evidence; (3) that she satisfied the requirements of Listing 1.02 and 1.04; and (4) that the ALJ should have requested the additional evidence that was submitted to the AC. Each argument lacks merit and is addressed below.

Ms. Yancey submitted additional treatment notes from Drs. Ravida and Novin to the AC as "new and material evidence" not considered by the ALJ. (Tr. 4, 302-309). Ms. Yancey claims that the AC's evaluation of the additional evidence was inadequate. Pl. Mem. 2-3. The AC explained that, in evaluating Ms. Yancey's case, it considered the additional evidence from Drs. Ravida and Neil, but it found that the additional evidence did not provide a basis for changing the ALJ's decision. (Tr. 2). The AC must review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). Evidence is "new" if "it is not duplicative or cumulative." *Id.* at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* Social Security regulations, however, "[do] not require the [AC] to do anything more than what it did in this case, *i.e.*, consider new and material evidence . . . in deciding whether to grant review." *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (internal quotation marks omitted). The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.*

In this case, the additional treatment notes from Dr. Ravida indicate muscle tenderness and discomfort, and a diagnosis of a lumbar sprain/strain with spasm causally related to the injuries she suffered in a December 2011 accident. (Tr. 303). The additional treatment notes from Dr. Novin include an opinion that she suffered from a 38% impairment to the lumbar spine, and that she would "never be able to return to any work requiring aggressive or frequent bending, lifting or stooping or any lifting of anything over fifteen to twenty pounds." (Tr. 307-08). Ms. Yancey has not explained how the impairments and limitations set forth in these notes undermine the ALJ's opinion, and I find that they are consistent with both the ALJ's step two finding that Ms. Yancey suffered from the severe impairment of mild degenerative joint disease of the cervical and lumbar spine and the limitations set forth in the ALJ's RFC assessment. I

*Vera Yancey v. Commissioner, Social Security Administration*
Civil No. SAG-14-1495
February 9, 2015
Page 3

thus agree with the AC that the additional evidence Ms. Yancey submitted to the AC does not provide a basis for changing the ALJ's decision.[1]

Next, Ms. Yancey argues that the ALJ should have assigned greater weight to the opinion of Dr. Aranaga, her treating physician, that Ms. Yancey is not capable of completing an eight hour workday. Pl. Mem. 3-4. Specifically, Dr. Aranaga opined that Ms. Yancey is limited to standing/walking and sitting less than two hours each in an eight hour workday, and that she is unable to lift anything. (Tr. 301). The Fourth Circuit set forth parameters for evaluating medical opinions of treating physicians in *Craig*, 76 F.3d at 590, which were later refined by amendments to 20 C.F.R. §§ 404.1527 and 416.927. *See Pitman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001). When a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If a treating source's medical opinion is not assigned controlling weight, however, in determining the weight to give the opinion, the ALJ should consider: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c).

In this case, the ALJ assigned "little weight" to Dr. Aranaga's opinion because she found it "inconsistent with the overall record evidence." (Tr. 72). The ALJ explained that Dr. Aranaga is an internist, and the treatment notes from Dr. Grosso, an orthopedic surgeon, the treatment notes from the Baltimore Medical and Surgical Associates, and the objective medical evidence do not support the level of severity opined by Dr. Aranaga. *Id.* The ALJ also noted that Dr. Aranaga's opinion that Ms. Yancey is incapable of performing any work is an opinion on an issue reserved to the Commissioner. *Id.* Ms. Yancey has not identified a specific error in the ALJ's analysis, and I find that her assessment of Dr. Aranaga's opinion was both in accordance with the proper legal standards and supported by substantial evidence.

Ms. Yancey also implies that the ALJ should have assigned less weight to the opinion of Dr. Weng, a consultative examiner, that "standing and walking will be a problem," and that "sitting unfortunately, puts pressure on that internal portion of the hip as well causing discomfort." Pl. Mem. 4; (Tr. 262). It is unclear, however, why Ms. Yancey would argue that the ALJ should have assigned less weight to Dr. Weng's opinion, since it apparently supports her claimed limitations. Ms. Yancey primarily takes issue with Dr. Weng's implication that weight

---

[1] In support of her argument, Ms. Yancey refers to a treatment note from Dr. Colley, who treated her after her 2007 accident, which purportedly states that Ms. Yancey "sustained significant Cervical Neck Pain with Cervicothoracic Strain, and Post Traumatic headaches and ordered that she was not fit to work in the position where she was employed, at the time." Pl. Mem. 3 (internal quotation marks omitted). However, Ms. Yancey did not provide a citation to this note, and no such note is included in either the record that was before the ALJ or the additional evidence submitted to the AC. (Tr. 244-309). Moreover, even if such a note did exist, Ms. Yancey has not shown how an inability to perform the job for which she was employed in 2007 would preclude her from performing the other jobs identified by the VE.

*Vera Yancey v. Commissioner, Social Security Administration*
Civil No. SAG-14-1495
February 9, 2015
Page 4

loss might help relieve Ms. Yancey's lumbar spasms. However, contrary to Ms. Yancey's contention, the ALJ did not give any indication that her evaluation of Dr. Weng's opinion was based on his statement about weight loss. Ms. Yancey has thus not identified any error in the ALJ's analysis, and I find that her evaluation of Dr. Weng's opinion was supported by substantial evidence.

Next, Ms. Yancey contends that she satisfies the requirements of Listings 1.02 and 1.04, which apply to major dysfunction of a joint and disorders of the spine, respectively. Pl. Mem. 4-5. At step three of the sequential evaluation, the ALJ must compare a claimant's impairments with the Listing of Impairments to determine if the claimant's impairments are severe enough to warrant a presumption of disability. *Bryant v. Colvin*, 573 F. App'x 186, 188 (4th Cir. 2014); 20 C.F.R. § 416.920(d); 20 C.F.R. Pt. 404, Subpt. P, Appx. 1. A claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986). For a claimant to establish that his impairment meets or equals a listing, it must "meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).

To satisfy Listing 1.02, Ms. Yancey must show gross anatomical deformity and chronic joint pain and stiffness; signs of limitation of motion or other abnormal motion of the affected joints; and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankyloses of the affected joint(s); with (A) involvement of one major peripheral weight-bearing joint, resulting in inability to ambulate effectively, or (B) involvement of one major peripheral joint in each upper extremity, resulting in inability to perform fine and gross movements effectively. 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, Pt. A § 1.02. In support of her argument, Ms. Yancey cites to a reduced range of motion in her neck and shoulders, apparently in satisfaction of the requirements of subsection B.[2] However Ms. Yancey has not cited evidence of a "gross anatomical deformity," "findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankyloses of the affected joint(s)," or of an "inability to perform fine and gross movements effectively." Accordingly, Ms. Yancey has not satisfied her burden of establishing that all of the medical criteria of Listing 1.02 were met.

To satisfy Listing 1.04, Ms. Yancey must show a spinal disorder resulting in compromise of the nerve root or the spinal cord, and meeting the criteria of one of three subsections. 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, Pt. A § 1.04. Subsection A requires evidence of nerve root compression accompanied by sensory or reflex loss and a positive straight-leg raising test. *Id.* § 1.04(A). Subsection B requires spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, resulting in the need for changes in position or posture more than once every 2 hours. *Id.* § 1.04(B). Subsection C requires lumbar spinal stenosis resulting in pseudoclaudication, established by

---

[2] Ms. Yancey again refers – without citation – to a treatment note from Dr. Colley. As explained above, this treatment note is not included in the record before this court. However, even if the treatment note established the reduced range of motion, for the reasons stated below, Ms. Yancey's impairments do not meet or equal the criteria of Listing 1.02.

findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in an inability to ambulate effectively. *Id.* § 1.04(C). In support of her argument, Ms. Yancey cites to reports of mild spondylitic changes and mild posterior disc bulges with mild narrowing of the right neural foramen. Ms. Yancey has not, however, cited evidence indicating that her spinal disorder satisfies all of the criteria of any of the subsections of Listing 1.04, and she has thus not satisfied her burden of establishing that listing was met. I therefore find that the ALJ's determination that Ms. Yancey's impairment did not meet or equal the criteria of Listings 1.02 and 1.04 was supported by substantial evidence.

Finally, Ms. Yancey claims that the ALJ's decision is not supported by substantial evidence because she knew of, but failed to obtain, the additional evidence that she ultimately submitted to the AC. First, Ms. Yancey has once again failed to cite any evidence in the record supporting her assertion that the ALJ "was made aware of" the additional evidence. At the hearing, although Ms. Yancey's counsel initially indicated that he had reviewed the record and that he did not object to it, the ALJ later admitted additional evidence at counsel's request. (Tr. 18, 38-39). However, at that time, there was no indication that Ms. Yancey's counsel intended to submit more evidence subsequent to the hearing, and he did not object to the ALJ's statement that the record would be closed as of the end of the hearing. (Tr. 44). Moreover, any error in the ALJ's failure to seek additional evidence was harmless, because, for the reasons set forth above, the new evidence did not provide a basis for changing the ALJ's decision. Accordingly, I find that the ALJ's failure to seek additional evidence was not in error, and that her determination was supported by substantial evidence.

For the reasons set forth herein, Ms. Yancey's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 21) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                            Sincerely yours,

                            /s/

                            Stephanie A. Gallagher
                            United States Magistrate Judge